(No. 3919—

DEAN TUMMEL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1946.*

DIXON, DEVINE, BRACKEN & DIXON, Dixon, Illinois, attorneys for claimant.

GEORGE F. BARRETT, Attorney General; WM. L. MORGAN, Assistant Attorney General, of counsel, for respondent.

DAMRON, J.

This is a claim for benefits under the Workmen's Compensation Act.

The evidence discloses that claimant was first em-

ployed by the respondent at the Dixon State Hospital, Dixon, Illinois, as an attendant, on September 29, 1941 and worked continuously, for the respondent until the 17th day of August 1944.

The evidence further discloses that on the last mentioned date, this claimant, in attempting to separate two patients at said hospital who were engaged in a fight, was bitten by one of the patients on her right hand. Claimant testified that her right hand had been burned from lye in 1925, which left a scar on this hand but she had full functional use of it. The injury received by her on August 17, 1944 injured the scar tissue which was present due to the lye burn.

Considerable surgery was performed on claimant's right hand and skin was grafted thereto. She was hospitalized for a considerable length of time, due to this injury, from August 17, 1944 to January 1945. She attempted to work during that month and did perform her duties as an attendant for four days when she again found she required hospitalization. She was unable to resume her employment thereafter until August 1, 1945 upon which day she resumed her employment for the respondent and continued thereafter until December 1945 when she was discharged from her employment by the respondent.

The amended report of the Department of Public Welfare discloses that claimant's annual wages for one year preceding this injury amounted to $1,364.81 and that the Department paid to the claimant, from the date of her injury until she resumed her employment, as temporary total compensation, the sum of $489.50; this excludes the sum of $16.13 which was paid to claimant for salary for four days' employment during January 1945.

The evidence discloses that at the time of claimant's injury she was a widow and had one child aged 9 years fully dependent upon her for support.

The medical testimony discloses that at the time the evidence was taken on May 28, 1946 claimant had suffered a 25% total permanent loss of use of her right hand due to said injury.

We calculate that from the date of the injury, August 17, 1944 until claimant was able to resume her employment was 49 weeks and 6 days. However, claimant reported for work in January 1945, worked for respondent four days during that month for which she was paid. She, therefore, is entitled to temporary total compensation for 49 weeks and 2 days and is also entitled to be compensated for a 25% permanent loss of use of the injured hand.

Her annual wages being $1,364.81, her average weekly wage would be $26.24. Her weekly compensation rate, therefore, based on 17½% increase and a 5% increase for a dependent child, would be $16.19. We find, therefore, that claimant is entitled to the sum of $797.93 for temporary total compensation for 49 weeks and 2 days, from which must be deducted the sum of $489.50 paid by respondent to claimant as temporary compensation during this period, leaving a balance due claimant for temporary total compensation in the sum of $308.43; claimant having suffered a 25% permanent partial loss of use of her right hand would be entitled to 42½ weeks at $16.19 or the sum of $688.07, making a total amount due to claimant for temporary total and specific loss in the sum of $996.50 as provided by Section 8 (Paragraphs e, j, l, and m) of the Act.

We further find from the evidence that all medical, hospital and surgical services have been furnished by

the respondent with the exception of the sum of $344.15 which represents professional service rendered at the Murphy Clinic, Dixon, Illinois, for a series of surgeries of skin graftings, medications and dressings rendered to client by Dr. David L. Murphy of said Clinic, which amount we find to be fair and reasonable for the services performed.

An award is therefore entered in favor of claimant in the sum of Nine Hundred and Ninety-Six Dollars and Fifty Cents ($996.50) all accrued and payable in a lump sum to her and a further sum of Three Hundred Forty-Four Dollars and Fifteen Cents ($344.15) for the use of Dr. David L. Murphy, making a total award of One Thousand Three Hundred and Forty Dollars and Sixty-Five cents ($1,340.65).